WILLIAM E. SEDGWICK *vs.* HEMAN LAFLIN & another.

A mortgage of land to an individual, " his successors and assigns forever," conveys only a life estate, although it contains a power of sale, which has never been executed, authorizing the mortgagee, in case of default in the performance of the condition, to sell the land and execute a conveyance thereof in fee simple.

GRAY, J. The plaintiff, as executor of the will of Elizabeth D. Sedgwick, brings this writ of entry to foreclose a mortgage of land in this county, made on the 9th of February 1856 by the defendant George C. Crosby to the testatrix, " and to her successors and assigns forever," with like words in the habendum, but without the word " heirs " in either clause.

There is no better settled or more familiar rule of the common law than that the word " heirs " is necessary to create an estate of inheritance by a conveyance of land to the grantee's own use and not in trust. Littleton and Coke declare that the very words " successors and assigns," used in the instrument before us, are not sufficient to make an estate of inheritance. Litt. § 1. Co. Litt. 1 *a*, 8 *b*. And Lord Holt said, " The law appoints that let the intent of the parties be ever so fully expressed and

manifested in grants, without tne word 'heirs' a fee shall not pass." *Bridgewater* v. *Bolton*, 6 Mod. 109; *S. C.* Holt, 281.

Long before the time of Lord Holt, the rule was expressly adopted in Massachusetts. In the earliest years of the colony a loose practice in this respect had grown up. But in May 1651 the general court passed the following statute, and took unusual precautions for making it generally known, as appears in the law itself: " Whereas, through unskilfulness of some that make deeds and conveyances of lands and houses, the word 'heir' is oftentimes omitted when an estate of inheritance is intended to be passed by the parties, whereupon questions and suits at law are apt to arise; for prevention whereof for the time to come, this court ordereth, that in all deeds and conveyances of houses and lands in this jurisdiction wherein an estate of inheritance is to pass, it shall be expressed in these words, or to the like effect, viz. To have and to hold the said house or lands, respectively, to the party or grantee, his heirs and assigns, for ever." " Provided, that this law shall not include former deeds or conveyances, but to leave them in the same condition as they were in, or shall be in, before this law taketh effect, which shall be at the end of the next session of this court [the last of October]; provided also, that this law shall not extend to houses or lands given by will or testament, or to any land granted, or to be granted, by the free-men of a town; and this law being of concernment to be understood of every man, there shall be special care for the publication thereof; and to that end it shall be distinctly read by the constable of each town in their next town meeting after the end of the fifth month next [July]; also a copy thereof shall be set upon the door of their meeting-house, to continue fourteen days; and the grand jury shall inquire and present such as shall neglect the publication thereof, according to this order." 4 Mass. Col. Rec. pt. 1, 39. The substance of this provision was inserted in each successive revision of the laws of the colony; and so the law of Massachusetts has continued to this day as to all deeds, except conveyances upon such trusts as in their nature equire an estate in fee to support tnem. Anc. Chart. 85. 4 Dane Ab. 61, 503, 504. *Gould* v. *Lamb*, 11 Met. 84. *King* v. *Parker*, 9 Cush. 79 81.

The mortgage in suit indeed declares that in case of default of payment of principal or interest, it shall be lawful for the mortgagee, " her successors or assigns, to enter into and upon all and singular the premises hereby granted or intended so to be, and to sell and dispose of the same at public auction, according to the act in such case made and provided," and as the attorney of the mortgagor convey the same in fee simple, and out of the money arising from such sale to retain the amount of the mortgage and expenses, and pay the surplus, if any, to the mortgagor. But this provision cannot enlarge the estate granted, for several reasons. It creates no trust of such nature and duration as to require an estate in fee to support it; indeed no trust whatever, which either the mortgagor or any third person is interested to have performed ; but a mere power, to be executed or not at the option of the mortgagee, in which the mortgagor has no other interest than in being entitled to an account in case the mortgagee shall see fit to avail himself of it. It is clearly a power, and not a trust, within the elementary definition of Lord Chief Justice Wilmot, approved by Sir Edward Sugden. " Powers are never imperative; they leave the act to be done at the will of the party to whom they are given. Trusts are always imperative, and are obligatory upon the conscience of the party intrusted." *Attorney General* v. *Downing*, Wilmot, 23. 2 Sugden on Powers, (7th ed.) 158. A power to dispose of land in fee may be and often is given to a tenant for life. This power, if it could be executed at all according to the provisions of this mortgage, and had been executed, might perhaps have transmitted an estate in fee in the land ; but not having been executed, that point does not arise. It is, to say the least, very doubtful whether this power is sufficiently definite to be executed at all; for it only authorizes a sale " at public auction, according to the act in such case made and provided ; " and our statutes contain no regulations on the subject. *Sts.* 1854, *c.* 377; 1857, *c.* 229. Gen. Sts. *c.* 140, §§ 38–44.

The defects in this mortgage seem to have been occasioned by the use of a form adapted to the law of New York, where the mortgagee resided and the instrument was perhaps made

and the case illustrates the justice of Chancellor Kent's appre-hension of the difficulties to be occasioned by the statute of that state, altering the rule of the common law which required words of inheritance to pass an estate in fee. 4 Kent Com. (6th ed.) 8, *note.* It is hardly necessary to add that by the law of both states the construction of a mortgage is to be governed by the law of that state in which the land lies. *Cutter* v. *Davenport*, 1 Pick. 86. *Hosford* v. *Nichols*, 1 Paige, 226.

The provision of the Gen. Sts. *c.* 96, § 9, that a mortgage of real estate, not foreclosed at the death of the mortgagee, shall go to the executor and not to the heir, and may be foreclosed at the suit of the executor, does not extend or revive a mortgage which by its terms expires with the life of the mortgagee. As the estate granted by this mortgage terminated with the mort-gagee's life, the plaintiff has no title on which to maintain this writ of entry. *Exceptions overruled.*

*B. Palmer*, for the plaintiff.

*I. Sumner*, for the defendants.